**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DWIGHT PATTERSON, JR.                    CIVIL ACTION

VERSUS                                   NUMBER:  10-4587

N. BURL CAIN, WARDEN                     SECTION:  "B"(3)


**ORDER AND REASON**

Before the Court is Petitioner Dwight Patterson's ("Petitioner") Objections (Rec. Doc. No. 23) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 22) recommending dismissal with prejudice of Petitioner's habeas corpus petition under 28 U.S.C. § 2254. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that the Magistrate's Report and Recommendation be **AFFIRMED** and that Petitioner's petition for federal habeas corpus review be **DISMISSED WITH PREJUDICE**.

**PROCEDURAL HISTORY[1]**

Petitioner was convicted of first-degree murder in the shooting death of New Orleans Police Officer Christopher Russell and sentenced to life imprisonment. Petitioner appealed his conviction asserting that (1) the state district court had erred in denying the motion to suppress the eyewitness identification; (2) Petitioner was denied a fair trial due to the district court's prejudicial comments directed toward defense counsel; (3)

---

[1] The procedural history is adopted from the Magistrate Judge's Report and Recommendation and the State's Response to Habeas Corpus Relief. (Rec. Doc. No. 17, 22).

the state had failed to establish the chain of custody for the blood sample rendering the DNA evidence inadmissible at trial as well as two *pro se* assignments of error. On appeal, the Louisiana Fourth Circuit affirmed the conviction and The Louisiana Supreme Court subsequently denied Petitioner's writ application.

Petitioner then filed an application for post conviction relief in state district court asserting an ineffective assistance of counsel claim. The application was denied and Petitioner appealed to the Louisiana Fourth Circuit Court of Appeal, which rejected the claim as untimely. The Louisiana Supreme Court declined to grant writ.

In the instant federal habeas petition, Petitioner asserts the following claims for relief: (1) Petitioner received ineffective assistance of counsel; (2) Petitioner's identification should have been suppressed because it resulted from procedures which were unnecessarily suggestive; (3) the trial was rendered unfair by the judge's prejudicial comments; and (4) the prosecution failed to establish a proper chain of custody for Petitioner's blood sample. (Rec. Doc. No. 3) The state concedes that the petition is timely. (Rec. Doc. No. 17 at 8).

On October 14, 2011 the Magistrate Judge issued a Report and Recommendation that recommended the habeas corpus application be denied on the following bases: (1) the ineffective assistance of

counsel claim is procedurally defaulted; (2) the admission of the identification in state court was not contrary to or an unreasonable application of federal law; (3) the state court ruling that the trial judges' comments did not render the trial unfair was not contrary to or an unreasonable application of state law; and (4) the failure to establish a chain of custody for the blood sample is not a violation of federal law unless it amounts to a denial of due process under the 14th Amendment, and Petitioner's claim does not. (Rec. Doc. No. 22). The Objections to the Magistrate Judge's Report and Recommendation were timely filed. (Rec. Doc. No. 23).

## **CONTENTIONS OF PETITIONER**

Petitioner asserts the following objections to the Magistrate Judge's findings: (1) Petitioner raised the ineffective assistance of counsel claim at the trial and appellate level, therefore the finding of procedural default is incorrect; (2) Petitioner can establish cause and prejudice for the procedural default of the effective assistance of counsel claim, therefore the claim should not be barred; and (3) the Magistrate Judge made unreasonable findings based on the record with regard to the claims of (a) unduly suggestive identification, (b) prejudicial comments made by the judge, and (c) failure to establish the chain of custody for the blood sample. (Rec. Doc. No. 23).

**CONTENTION OF RESPONDENT**

Respondent did not file a response to Petitioner's Objections to the Magistrate Judge's Report and Recommendation.

**LAW AND ANALYSIS**

**A. Standard of Review**

The appropriate standard of review by a district court of a Report and Recommendation from a Magistrate Judge when timely objections are filed is de novo review: "In compliance with 28 U.S.C. §636 (b)(1)(B), the district judge must review the magistrate's findings and recommendations. If objections are to be filed, the district judge must make a de novo determination, a 'fresh consideration,' of those findings objected to." *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (1996).

Conducting a de novo review of the Magistrate Judge's findings requires a review of relevant state court findings. The standard for reviewing these state court findings is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in

4

the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1)("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.")

As to pure questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of §2254(d)(1)] have independent meaning." *Bell,* 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

5

*Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.) (internal quotations marks, ellipses, brackets, and footnotes omitted), *cert. denied*, 131 S.Ct. 294 (2010).

Regarding the "unreasonable application" clause, the United States Supreme Court has explained:

> [A] state-court decisions can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Williams v. Taylor*, 529 U.S. 362, 407 (2000). The Supreme Court has noted that the focus of this inquiry "is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694; *see also Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").

## B. Claim 1: Ineffective Assistance of Counsel Claim

In his Objections to the Magistrate's Report and Recommendation, Petitioner presents two arguments: (1) that he raised the issue of ineffective assistance of counsel in his applications to the state district and appellate courts so his claim should not be procedurally defaulted; and (2) that he can overcome a procedural default by demonstrating a state created impediment to constitute 'cause' and also demonstrate that he was prejudiced.

### 1. Procedural Default

A procedural default occurs when the "prisoner fail[ed] to exhaust available state remedies and the court to which the prisoner would be required to present his claims in order to meet the exhaustion requirement would now be barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (internal quotation marks omitted). In order to consider a claim exhausted, "a petitioner must have fairly presented the substance of his claim to the state courts." *Wilder V. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Furthermore, "[g]enerally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Finally, "exhaustion requires a state prisoner to present the state courts with the

*same claim* he urges upon the federal courts." *Wilder,* 274 F.3d at 261 (emphasis in original).

In this case, Petitioner asserted the ineffective assistance of counsel claim in the state district and appellate courts (Doc. Rec. No. 3-2). The state district court denied relief on the merits and the appellate court denied the claim as untimely filed[2]. (Doc. Rec. No. 3-2). The petitioner, however, appealed *only* the issue of timeliness to the Louisiana Supreme Court, failing to include an appeal on the merits of the ineffective assistance of counsel claim. *Id.* Therefore, the 'highest court', the Louisiana Supreme Court, has not had a fair opportunity to pass upon the ineffective counsel claim. *Baldwin v. Reese*, 541 U.S. 27, 31 (2004). Even though Petitioner, as he urges in his Objection, did raise the ineffective counsel claim to the state district court and appellate court, he did not bring the claim to The Louisiana Supreme Court. Thus, the requirements for exhaustion of the ineffective counsel claim have not been met.

Furthermore, as noted by the Magistrate Judge, state procedural laws La.C.Crim.P. art. 903.8(A) (imposing a 2 year time limit on applications for post conviction relief) and La. C.Cr.P. art. 930.4(E) (barring successive applications raising a

---

[2] The State concedes that the application was timely, but noted that Petitioner failed to present proof of timeliness to either the court of appeal or the Louisiana Supreme Court. (Rec. Doc. No. 17 at 12).

new or different claims that were inexcusably omitted from prior applications) create a bar, preventing state courts from considering the ineffective assistance of counsel claim at this point in the appeals process. Ultimately, then, because the claim has not been exhausted and is now procedurally barred in state courts, the ineffective assistance of counsel claim is procedurally defaulted in federal court and will not be considered.

**2. Cause and Prejudice**

There are, however, two conditions that would allow the Court to review the defaulted claims: (1) the existence of "cause" and "prejudice" or (2) that a failure to address the claims will result in a "fundamental miscarriage of justice". *See, e.g., Bagwell v. Dretke*, 372 F.3d 748, 756-57 (5th Cir. 2004). For a petitioner to establish a cause for a procedural default he must show that there was "something external to the petitioner, something that cannot fairly be attributed to him." *Johnson v. Puckett,* 176 F.3d 809,816 (5th Cir. 1999) (quotation marks omitted).

In his Objection to the Magistrate Judge's Report and Recommendation, Petitioner asserts that there was a state created impediment that should serve as 'cause' to overcome the procedural default. He maintains that common practice of the Louisiana Supreme Court upon receiving claims of erroneous

application of La.C.Cr.P art. 930.8 is that the court "simply corrects the erroneous ruling and remands those cases for consideration on the merits." (Rec. Doc. No 23 at 5). Essentially, Petitioner urges that, because he was relying on the Louisiana Supreme Court to hear his timeliness claim and then remand the case for a consideration on the merits, his failure to include the substance of his ineffective counsel claim along with his timeliness claim should be credited as a state-created impediment.

There are two problems with this assertion. First, Petitioner initially asserted this claim in his Objections to the Magistrate Judge's Report and Recommendation and therefore the issue has not been properly raised. When a petitioner first argues an issue in his objections to the Magistrate Judge's findings, these issues are not properly before the district court and the court should not address them. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) In his application for federal habeas relief, Petitioner raised the issue of ineffective assistance of counsel claim with regards to his trial, but made no argument about procedural default with regards to his state-court post conviction relief application. (Rec. Doc No. 3). Petitioner is therefore raising the issue of cause for procedural default for the first time in his Objection to The

Magistrate Judge's findings. Thus the claim is improperly before the Court, and the Court will not consider it.

Second, even if the claim were presented properly before this Court, it is without merit. Petitioner's attempt to attribute his failure to bring the substance of his ineffective counsel claim as a state-created impediment, or as something external to him, fails. The Louisiana Supreme Court's review is discretionary, the court is not required to grant writs and remand claims. La.Sup.Ct.R.10(1)(a). Petitioner's reliance on the assumption that it would grant writs and remand cannot be fairly attributed to that court as a state-created impediment or "something external to him."

Ultimately, under either the procedural or substantive analysis of cause, Petitioner has failed to make a successful objection and demonstrate cause. Furthermore, "[a]bsent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996). Therefore, Patterson's attempt to overcome the procedural default through establishing cause and prejudice is unsuccessful.

Further, Petitioner makes no objection to the Magistrate Judge's finding that denial of his writ would not amount to fundamental miscarriage of justice (Rec. Doc. No. 23). Thus,

Petitioner cannot overcome the procedural default of his ineffective assistance of counsel claim.

**C. Claim 2: Unduly Suggestive Identification**

At trial and on appeal, Petitioner asserted a claim that one eyewitness identification was unduly suggestive because the witness had the previously seen Petitioner with the police at the crime scene.[3] *(Rec. Doc. No. 3-2 at 6).* The state appellate court found, however, that the identification was not unduly suggestive because (a) the eyewitness testified that she was not asked to identify the petitioner at the crime scene; and (b) while at the crime scene, the petitioner's head was down and the eyewitness could not see his face. *Id.*

Petitioner asserts in his Objection that the state court findings are: (1) contrary to federal law as established in Manson v. Braithwaite; and (2) an unreasonable application of the law given the record. (Rec. Doc. No. 23).

As the Magistrate Judge noted, a claim that identification testimony was unconstitutionally admitted at trial presents a mixed question of law and fact. *Herrera v. Collins*, 904 F.2d 944, 947 n.3 (5th Cir. 1990). Therefore, as required by 28 U.S.C. §

---

[3] Unlike the ineffective assistance of counsel claim, which is procedurally defaulted, the State concedes that the remaining claims "have been properly pursued through one complete round of direct state review and are properly addressed in the instant habeas petition." (Rec. Doc. No. 17 at 11).

2254(d)(1), a federal court must defer to the State's decision on the merits unless it is contrary to or an unreasonable application of federal law.

Using this standard, none of Petitioner's claims about the state court's analysis of the eyewitness identification represent a basis to grant him relief. First, Petitioner's urging that the state court ruling is contrary to *Manson v. Braithwaite* has no merit. *Manson* involved a single photograph identification procedure that was found to be unnecessarily suggestive; Petitioner's photographic procedure was a "photographic line-up". (Rec. Doc. No. 3-2 at 7 n.16). There is no factual similarity between the *Manson* identification procedure and Petitioner's to serve as a basis for determining that the state court's ruling is contrary to the law established in that case. *Manson*, 432 U.S. 98. Furthermore, the legal principle that *Manson* stands for, that unnecessarily suggestive identifications can be admissible in court if they are found to be reliable, was not even addressed in state court because the identification was not found to be unnecessarily suggestive in the first place. *Id.* Thus, there is no basis for making the claim that the state court decision runs contrary to *Manson v. Braithwaite*.

Second, the claim that the state court of appeal decision was an unreasonable application of federal law has no merit. Petitioner asserts that based on the testimony offered by the

witness, a finding that the identification was not unduly suggestive is unreasonable. Specifically, the Petitioner emphasizes two statements by the eyewitness: (1) that she saw a man handcuffed outside the crime scene that she said was the shooter and (2) that she did not identify the Petitioner as the shooter at the crimes scene. (Rec. Doc. No. 23 at 28). Patterson's implication is that the eyewitness' testimony is conflicting and therefore the state and magistrate judge's conclusion that the identification was not unduly suggestive is unreasonable.

This claim fails for three reasons: First, the statements are not necessarily contradictory. It is perfectly possible that the eyewitness identified the shooter as the man sitting outside the crime scene with his head down without specifically identifying the man as Petitioner. Second, none of the statements that Petitioner offers undermine the basis for the state court finding. The appellate court relied on the proposition that the identification was not unduly suggestive because the eyewitness did not see defendant's face at the crime scene. None of the statements offered by Petitioner in his Objection are inconsistent with that fact.

Third, deciding the credibility of eyewitness testimony is a factual finding and is given the highest amount of deference by reviewing courts. *Rushen v. Spain*, 104 S.Ct. 453, 464 n.6 (1983).

Because the appellate court based its decision on the testimony of the eyewitness, the decision to credit this testimony is a factual finding "that shall be presumed to be correct. The applicant [Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The testimony Petitioner highlights in his Objection does not amount to clear and convincing evidence that state court should not have found the eyewitness testimony credible.

Petitioner is unable, therefore, to establish that the Louisiana Fourth Circuit Court of Appeal's findings with regard to the identification are an unreasonable application of federal law. The Petitioner's assertion that the state court's findings are contrary to Manson v. Braithwaite and an unreasonable application of federal law have no merit.

**D. Claim 3: Prejudicial Comments Made by the Trial Judge**

Petitioner maintains his allegation that testy exchanges between defense counsel and the judge amounted to an unfair trial. The state appellate court, upon reviewing the claim found that, "[w]hile the record reveals a substantial amount of antagonism between the trial judge and defense counsel, it cannot be said that the relationship between the trial judge and defense counsel influenced the jury and contributed to the verdict."(Doc. Rec. No. 3-2 at 8).

Petitioner, in his Objection to Magistrate's Report and Recommendation, asserts that this finding is unreasonable. (Doc. Rec. No. 23). Furthermore, Petitioner alleges numerous violations of state laws regarding the conduct of judges. *Id.*

First, the allegations of state law violations are not properly before this Court. The United States Supreme Court has explained, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 112 S.Ct. 475, 480 (1991). Thus, the violations of state law that Petitioner alleges can not serve as a basis of relief.

There is, however, a federal constitutional guarantee to be tried before an impartial judge. *Buntion v. Quarterman*, 524 F.3d 664, 672 (5th Cir. 2008). Under federal law a judge's actions or comments rise to the level of a constitutional violation only when, viewed as a whole, they "amount to an intervention that could have led the jury to a predisposition of guilt by improperly confusing the functions of judge and prosecutor. The judge's intervention in the proceeding must be quantitatively and qualitatively substantial to meet this test." *Evans v. Cockrell*, 285, F.3d 370, 376 (5th Cir. 2002). Though the Petitioner urges otherwise, the trial judge's comments clearly do not rise to the standard of "confusing the functions of judge and prosecutor." *Id.*

Therefore, the state court's finding that Petitioner received a fair and impartial trial was not contrary to or an unreasonable application of clearly established federal law. This Court, then, can not grant habeas relief on this claim.

**E. Claim 4: Improper Chain of Custody Claim**

At the trial level Petitioner made a Motion for a New Trial based on his claim that the prosecution failed to establish a chain of custody for the DNA evidence linking him to the murder weapon. The trial court denied the motion and the appellate court found no error. The appellate court found that "[b]ecause a defect in the chain of custody does not preclude the admissibility of the evidence but goes to the weight of evidence presented," there was no error in the trial judge's denial fo the motion for a new trial. (Rec. Doc. No. 3-2 at 10).

Moreover, Petitioner's claims regarding an improper chain of custody for the blood involve allegations of violations of state evidentiary rules. (Doc. Rec. No 23). "Errors of state law, including evidentiary errors are not cognizable in habeas corpus as such." *Derden v. McNeel*, 978 F. 2d 1453, 1458 (5th Cir. 1992). Federal Courts

> will not grant relief for errors in a trial court's evidentiary rulings unless those errors result in a "denial of fundamental fairness" under the Due Process Clause. The erroneous admission of prejudicial evidence will justify habeas relief only if the admission was a

17

crucial, highly significant factor in the defendant's conviction.

*Neal v. Cain*, 141 F. 3d 207, 214 (5th Cir. 1998) (citations omitted).

In this case, the blood evidence was not inadmissible by state standards, so it does not meet the threshold requirement to be contrary to federal law.

Patterson can not establish that the admission of the DNA evidence was contrary to or an unreasonable application of federal law. This claim, therefore, can not stand as a source of a habeas writ from this Court.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the findings of the Magistrate Judge be **AFFIRMED** and Petitioner's habeas corpus petition be **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 29th day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE